**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 7** |
| **EDWARD P. WANISH,** ) | |
| ) | |
| Debtor. ) | Case No. 16-12234-amc |
| ) | |

**OBJECTION OF THE CHAPTER 7 TRUSTEE TO
THE DEBTOR'S CLAIM OF EXEMPTIONS**

Lynn E. Feldman, Esquire, the Chapter 7 trustee (the "Chapter 7 Trustee") of the bankruptcy estate of the above-captioned debtor, Edward P. Wanish (the "Debtor"), through her undersigned counsel, Gellert Scali Busenkell & Brown LLC, pursuant to Rule 4003 of the Federal Rules of Bankruptcy Procedure, hereby objects to the Debtor's claim of exemption in a mobile home and respectfully represents as follows:

**BACKGROUND**

1. On March 31, 2016, the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code (the "Petition Date").

2. On the Petition Date, the Debtor filed his Schedules of Assets and Liabilities ("Schedules") and Statement of Financial Affairs ("Statements") with the Bankruptcy Court wherein he disclosed an interest in a 2008 mobile home located in Egg Harbor Township, New Jersey (the "Mobile Home") valued at $100,000.00.

3. On the Debtor's Schedule C, the Debtor claimed a $100,000.00 exemption in the Mobile Home apparently under Pennsylvania's tenancy by the entireties law (the "Exemption"). *See* D.I. 1 & 10.

4. On April 1, 2016, the United States Trustee appointed Lynn E. Feldman, Esquire as the Chapter 7 Trustee.

5. The Meeting of Creditors was held and concluded on May 19, 2016.

6. The Trustee objects to the Debtor's Exemption.

## THE OBJECTION

7. The availability of the nonbankruptcy entireties exemption depends on the location of the property exempted.

8. The property rights to the Mobile Home are governed by the law of the state in which it is located; New Jersey. *See*, *e.g.*, *Pinewood Estates of Michigan v. Barnegat Township Leveling Bd.*, 898 F.2d 347, 348 (3d Cir. 1990)("The State of New Jersey regulates mobile home parks through the Truth-in-Renting Act, N.J. Stat. Ann. § 46:8-43 *et seq* . . . and the Mobile Home Rights Act, N.J. Stat. Ann. § 46:8C-2 *et seq*.").

9. New Jersey does not accord entireties property the protection that it receives in Pennsylvania. "Contrary to Pennsylvania law, "[i]t is well established [under New Jersey law] that a debtor's interest in property held as tenant by the entirety may be reached by the debtor's creditors." *S.E.C. v. Antar*, 120 F.Supp.2d 431, 449-50 (D.N.J. 2000) (citing *Newman v. Chase*, 359 A.2d 474 (1976), aff'd, 44 F. App'x 548 (3d Cir. 2002)); *see also United States v. Avila*, 88 F.3d 229, 234 (3d Cir. 1996) ("New Jersey long has recognized that a lien may attach to the interest of one spouse in property held by the entireties.")." *State Farm Mutual Automobile Insurance Company v. Bernard Snyder*, USDC ED Pa (November 6, 2013)[1].

---

1

http://www.leagle.com/decision/In%20FDCO%2020131108E06/STATE%20FARM%20MUTUAL%20AUTOMOBILE%20INSURANCE%20COMPANY%20v.%20SNYDER#

10. New Jersey, unlike Pennsylvania, permits creditors to obtain liens against the debtor spouse's usufruct (use and enjoyment) and survivorship interests. Therefore, when a debtor has elected the New Jersey state exemptions, the bankruptcy trustee can administer the debtor's right to use, enjoyment and survivorship. *See*, *e.g*., *In re McNeilly*, 249 B.R. 576 (1st Cir. 2000); *Mueller v. Youmans (In re Youmans)*, 117 B.R. 113 (Bankr. D.N.J. 1990),

11. Furthermore, the Debtor's election of exemptions under state law is limited to exemptions available under Pennsylvania law only. *See* 11 U.S.C. §522(b)(3)(A) (". . . State or local law that is applicable on the date of the filing of the petition *to the place in which the debtor's domicile has been located* for the 730 days immediately preceding the date of the filing of the petition…")(emphasis added).

12. Because the Mobile Home is located in New Jersey, Pennsylvania's state exemption law does not apply.

13. The Debtor's attempt to claim an exemption in the New Jersey Mobile Home under Pennsylvania state law is improper.

14. Under New Jersey entireties law, the Bankruptcy Code gives a trustee greater rights in the entireties property than the debtor spouse. Under Section 363(h) the trustee has the right to sell the estate's interest together with the interest of a co-owner if the benefit to the estate outweighs any detriment to the co-owner. 11 U.S.C. § 363(h).

15. For these reasons and those that may be raised at the hearing, the Debtor's Exemption should be denied in its entirety.

WHEREFORE, the Trustee prays for an Order overruling and denying Debtor's Claimed Exemption in the Mobile Home; and for such other and further relief as is just.

Dated: June 17, 2016                    GELLERT SCLAI BUSENKELL & BROWN LLC

/s/ Holly E. Smith
Holly E. Smith (PA ID #203979)
The Curtis Center
601 Walnut Street, Suite 470 West
Philadelphia, PA 19106
Telephone: (215) 238-0010
Facsimile: (215) 238-0016
E-mail: hsmith@gsbblaw.com

*Counsel to the Chapter 7 Trustee*