UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                          :
                                                :    Chapter 7
    EDWARD P. WANISH                        :
                                                :    Bankruptcy No. 16-12234 AMC
        Debtor.                             :

## ORDER

**AND NOW**, this 26th day of August, 2016, upon consideration of the Objection of the Chapter 7 Trustee to the Debtor's Claim of Exemptions ("Objection"), the Debtor's Response to the Objection ("Response"), the Chapter 7 Trustee's Brief in Support of the Objection ("Trustee Brief") and the Debtor's Brief in Support of the Response ("Debtor Brief"), and after two hearings on the Objection and supplemental briefs, the findings and holding of the Court are as follows:

1. The Debtor and his non-debtor spouse own a 2008 mobile home ("Mobile Home") which is located in New Jersey. *See* Schedule B and Trustee Brief p. 1.
2. The Mobile Home has an approximate value of $100,000. *Id.*
3. The Debtor seeks to exempt the full value of the Mobile Home pursuant to § 522(b)(3)(B) and applicable New Jersey law. *See* Schedule C.
4. The Chapter 7 Trustee ("Trustee") initially objected to the Debtor's exemption of the Mobile Home based upon the following three arguments: (1) the Debtor is prohibited from claiming a New Jersey state exemption because his bankruptcy case was filed in Pennsylvania; (2) the Debtor shares an undivided interest in the Mobile Home with his non-debtor spouse as a tenant by the entirety that is not exempt from process under applicable New Jersey law and, therefore, the Debtor may not exempt such interest in bankruptcy pursuant to § 522(b)(3)(B);

and (3) the Trustee has the right to sell the Debtor's interest, as well as his spouse's interest, in the Mobile Home pursuant to § 363(h), to the extent that the benefit to the Debtor's estate from such sale outweighs any detriment to the Debtor's spouse. *See* Objection pp. 2-3.

5. The Debtor responded to the Objection and argued that: (1) the Debtor was permitted to claim a New Jersey exemption regardless of the fact that the Debtor filed for bankruptcy in Pennsylvania; (2) the Debtor's interest in the Mobile Home is exempt under applicable law pursuant to N.J.S.A. 46:3-17.2 through 17.4 ("NJ Statute"), which was enacted in 1987 to permit personal property to be held as tenants by the entirety, and specifically prohibits creditors of one spouse from levying or selling personal property purchased by spouses as tenants by the entirety after the NJ Statute went into effect in 1988 without both spouses' consent; and (3) a sale of the Mobile Home pursuant to § 363(h) would result in a detriment to the Debtor's spouse which would be significantly greater than any benefit received by the Debtor's estate from such sale. *See* Response.

6. The Court held a hearing on the Objection and Response on July 20, 2016 and requested that the parties submit supplemental briefing on the issues raised by the Trustee.

7. In the Trustee Brief filed on August 3, 2016, the Trustee withdrew his first argument under the Objection regarding Debtor's inability to claim an exemption of the Mobile Home under New Jersey law because the Debtor filed his bankruptcy case in Pennsylvania. *See* Trustee Brief n.1. The Trustee continued to argue, however, that New Jersey law permits creditors of one spouse to levy and sell real and personal property held as tenants by the entirety and cited cases that were issued after the enactment of the NJ Statute which supported his position. *Id.* pp. 2-4. The Trustee also continued to argue that he was permitted to sell the

Mobile Home under § 363(h) because the Debtor's interest in the Mobile Home was not exempt. *Id.* p. 4.

8. The Debtor filed the Debtor Brief on August 17, 2016 and continued to assert that the NJ Statute prohibits creditors of one spouse from levying and selling personal property owned by such spouse as a tenant by the entirety and cited a 2012 case from the Middle District of Florida in support of such position. *See* Debtor Brief pp. 4-6. The Debtor also argued that, if the Court determined that the Debtor's interest in the Mobile Home was not exempt, the Trustee should only be permitted to sell the Debtor's interest in the Mobile Home, namely the Debtor's life estate as a co-tenant, and right of survivorship, in the Mobile Home. *Id.* p. 6.

9. Upon a review of the NJ Statute and relevant federal and state cases, it is clear to this Court that the Debtor is correct and that creditors of one spouse may not levy or sell personal property which is held by such spouse as a tenant by the entirety without the other spouse's consent.[1]

10. By way of background, N.J.S.A 46:3-17.2(a) provides that a tenancy by the entirety is created when:

> A husband and wife together take title to an interest in real property or personal property under a written instrument designating both of their names as husband and wife.

11. N.J.S.A 46:3-17.4 provides that:

---

[1] *See U.S. v. Cardaci*, 2014 WL 7524981, *11 (D.N.J. 2014) ("Ownership [of property held as tenants by the entirety] transfers automatically upon the death of one spouse, and the property may not be severed or sold during the marriage without the consent of the spouse."); *Lewis v. Harris*, 188 N.J. 415, 449 (2006), *Vander Weert v. Vander Weert*, 304 N.J.Super. 339, 345 (App.Div. 1997) ("We note at the outset that the problem does not arise in respect of tenancies by the entirety created after the effective date of N.J.S.A. 46:3–17.4, approved January 5, 1988, effective ninety days thereafter, and expressly applicable to tenancies by the entirety created on or after the effective date. L. 1987, c. 357, § 10. N.J.S.A. 46:3–17.4 prohibits either spouse from severing, alienating or otherwise affecting their respective interests in the tenancy during the marriage or upon separation without the written consent of the other."); In *re Montemoino*, 491 B.R. 580, 588-89 (Bankr. M.D.Fl. 2012).

> Neither spouse may sever, alienate, or otherwise affect their interest in the tenancy by entirety during the marriage or upon separation without the written consent of both spouses.

12. The NJ legislature enacted the NJ Statute in order to expressly recognize "that an entireties estate could be created in personal property …[which was] a drastic change in the state of New Jersey law." *In re Montemoino*, 491 B.R. 580, 589 (Bankr. M.D.Fl. 2012). Moreover, the prohibition on a spouse's ability to alienate his or her own interest in entireties property under N.J.S.A. 46:3-17.4 "evidences the legislature's intent to preserve the entireties estate and to elevate the interest of a married couple in the protection of their entireties property over the interest of a creditor of a single spouse in executing on such property." *Id.*

13. In support of his contrary position, the Trustee fails to analyze or even acknowledge the clear language of the NJ Statute. In addition, he summarily dismisses the Debtor's reliance on *Montemoino* and erroneously states that "no case out of New Jersey" overrules the cases he relies upon based upon the NJ Statute. In fact, as referenced in footnote 1 of this Order, there are many New Jersey cases which specifically recognize that the NJ Statute prohibits the forced sale of entireties property by a creditor of only one spouse.

14. In addition, although the Trustee relies upon New Jersey cases and cases from this Circuit which support his contrary position and were issued <u>after</u> the adoption of the NJ Statute, this Court respectfully disagrees with the holding in such cases because each of them failed to consider the NJ Statute and instead relied upon: (1) cases which were issued <u>prior</u> to the enactment of the NJ Statute, *see Newman v. Chase* ("*Newman*"), 70 N.J. 254 (1976) and *King v. Greene* ("*King*"), 30 N.J. 395 (1959); or (2) a case which was issued after the enactment of the NJ Statute but which expressly recognized that the NJ Statute did not apply in that case because the entireties tenancy in question had been established <u>before</u> the effective date of

the NJ Statute, *see Freda v. Commercial Trust Co. of New Jersey* ("*Freda*"), 118 N.J. 36 (1990).[2]

15. As a result, given the clear language of the NJ Statute and the unanimous holding of all of the cases issued after the enactment of the NJ Statute which analyzed the NJ Statute, it is clear that creditors of the Debtor are prohibited from levying or selling the Mobile Home under applicable New Jersey law without the consent of the Debtor's spouse and, therefore, the Debtor's interest in the Mobile Home is exempt under § 522(b)(3)(B).[3]

16. Finally, the last objection raised by the Trustee related to § 363 is inapplicable here because the Debtor's interest in the Mobile Home is exempt. *Collier on Bankruptcy*, ¶ 363.08[3], p. 363-67. ("[W]here the debtor's interest is exempted, the estate no longer has any interest that it may sell.")

17. Based upon the foregoing reasons, it is hereby **ORDERED** that the Objection is **DENIED**.

_____
Ashely M. Chan
United States Bankruptcy Judge

---

[2] *See, e.g. S.E.C. v. Antar* ("*Antar*"), 120 F. Supp.2d 431, 449-50 (D.N.J. 2000) (citing *Newman v. Chase*, 70 N.J. 254, 359 A.2d 474 (1976), aff'd, 44 F. App'x 548 (3d Cir.2002) (citing *Newman*); *United States v. Avila* ("*Avila*"), 88 F.3d 229, 234 (3d Cir. 1996) (citing *Newman, King* and *Freda*); *State Farm Mut. Auto. Ins. Co. v. Snyder*, 2013 U.S. Dist. LEXIS 159457 (E.D.Pa. Nov. 6, 2013) (citing *Newman, King, Freda, Antar and Avila*); *Mueller v. Youmans*, 117 B.R. 113 (Bankr. D.N.J. 1990) (citing *Newman* and *King*); *N.T.B. v. D.D.B.*, 442 N.J. Super. 205, 218-19 (App. Div. 2015) (citing *Freda*); and *Amato v. Cortese*, 2015 N.J.Super. Unpub. LEXIS 2022, *31 (App.Div. Aug. 21, 2015) (citing *Newman* and *Freda*).

[3] The Trustee has provided no evidence that the Debtor's spouse has consented to the sale of the Mobile Home.